UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DUSHAN MOORE,

        Plaintiff,                      Case No. 2:10-cv-46

v.                                               Honorable R. Allan Edgar

BRIAN MASTAW,

        Defendant.

_____/

## OPINION

Plaintiff Dushan Moore, an inmate currently confined at the Ionia Maximum Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Resident Unit Officer Brian Mastaw. Plaintiff asserts that Defendant wrote Plaintiff a misconduct ticket in retaliation for a grievance Plaintiff wrote on Defendant while Plaintiff was housed at the Kinross Correctional Facility.

On October 29, 2007, Plaintiff wrote a grievance on Defendant Brian Mastaw for using derogatory language. On November 1, 2007, four hours after receiving Plaintiff's grievance, Defendant Mastaw issued a misconduct ticket to Plaintiff for violating a direct order on October 28, 2007. Defendant Mastaw explained that due to pressing business he was unable to write the misconduct ticket on October 28, 2007. Plaintiff claims that Defendant had no intention of issuing this misconduct until he received Plaintiff's grievance several days after the alleged misconduct occurred. Plaintiff wrote a grievance on November 5, 2007, against Defendant asserting retaliation for the filing of the misconduct ticket. On November 21, 2007, Defendant Mastaw issued another

misconduct ticket to Plaintiff for bribery, after Plaintiff told Defendant that he would drop his grievances if Defendant would transfer Plaintiff to a different facility. Plaintiff claims that he never made that statement and that he knows that Defendant has no authority to transfer Plaintiff to a different facility. Plaintiff was found guilty of both misconduct charges after hearings.

Defendant moves for summary judgment. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

2

Defendant claims that he would have issued the misconduct tickets even if he did not known about the grievances Plaintiff wrote. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Clearly, plaintiff engaged in protected conduct and suffered adverse action when Defendant wrote the misconduct tickets. Defendant admits that he was aware of Plaintiff's grievance filings, but he asserts that Plaintiff's grievances had nothing to do with the issuance of the misconduct tickets. Plaintiff filed his first grievance on October 29, 2007. Defendant issued his first misconduct ticket on November 1, 2007, just a few hours after receiving Plaintiff's grievance. The misconduct ticket was written for conduct that occurred on October 28, 2007. Defendant explains that he decided not to write the misconduct ticket on October 28, because the conduct occurred near the shift change and he had other more pressing matters. Defendant has not explained what actually prevented him from writing a more timely misconduct ticket or why he waited until after he received Plaintiff's grievance several days later to write the misconduct ticket. Defendant simply states that there are no time limits to write the misconduct ticket. As for the second misconduct ticket, Defendant merely states that Plaintiff made the offer to drop his grievances if Defendant could get him transferred.

3

Plaintiff denies making this statement, and further states that it would not make sense for him to make that statement to Defendant, because Defendant has no authority to transfer prisoners.

The material facts are in dispute. Plaintiff has clearly sustained his burden of showing that Defendant is not entitled to summary judgment on the merits of the retaliation claims. Alternatively, Defendant argues that he acted reasonably and did not violate any clearly established constitutional rights. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

In making a qualified immunity determination the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 816. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard to sequence. *Id*.

Plaintiff has demonstrated that material facts are in dispute that could establish that Defendant filed the misconduct tickets solely in retaliation for Plaintiff's grievance filings. When making a qualified immunity analysis, the facts must be interpreted in the light most favorable to the plaintiff. Part of the analysis is to determine whether there are any genuinely disputed questions of material fact. *Kain v. Nesbitt*, 156 F.3d 669, 672 (6th Cir. 1998). Where there is a genuinely disputed question of fact, it is for the trier of fact to resolve, not the judge. "This would be true notwithstanding that the trial judge found the [defendant] officer to be more credible than the plaintiff because it is not for the court to make credibility determinations at this stage of the proceeding." *Id*. Based upon the disputed material facts, the defense of qualified immunity is not available to Defendant.

In light of the foregoing, the court concludes that Defendant has failed to establish his entitlement to summary judgment. Defendant's Motion Summary Judgment (Docket #14) is denied.

An Order consistent with this Opinion will be entered.

Dated: 2/22/2011            */s/ R. Allan Edgar*
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE